---

[No. 927.    April 25, 1902.]

THE BOARD OF COUNTY COMMISSIONERS OF SOCORRO COUNTY, Plaintiff in Error, v. CHARLES F. BLACKINGTON, Defendant in Error.

### SYLLABUS.

An appeal will not lie from an order of court imposing terms as a condition precedent to the vacating of a judgment, as the same is not a final judgment, order or decree from which under the organic act appeals lie.

Error to the district court of Socorro county, before DANIEL H. MCMILLAN, Associate Justice. Writ dismissed and cause remanded.

Board v. Blackington.

GEORGE W. PRITCHARD, District Attorney, and W. E. KELLEY, of counsel, for plaintiff in error.

Under sections 299, 300, 301 and 302, Compiled Laws of New Mexico 1897, all claims presented by plaintiff in error are barred, and null and void except so far as there may be money belonging to the county general fund for the year 1900 applicable to the payment of the same; and before he can maintain his action he must show by his complaint that there is money in the hands of the county treasurer belonging to said county general fund applicable to the payment of said claims.

> King I. B. Co. v. Atoe Co., 124 U. S. (Law Ed.), 514; County of Lincoln v. Luning, 133 U. S. (Law Ed.) 766.

The laws passed by the territorial legislative assembly of New Mexico, 1897, having been submitted to Congress as required by law, and not disapproved, are in full force and effect.

> Section 1850, Revised Statutes United States, 1874.

The organic act, the laws of Congress, and the laws passed by the Legislature of the Territory are supreme and binding upon the courts of the Territory.

> American and O. Ins. Co. v. 356 Bales of Cotton, 1 Pet. U. S. 511-542, Law Ed. 242-245; Hornbuckle v. Toombs, 18 Wall. (U. S.) 648, Law Ed. 966; Clinton v. Englebrecht, 13 Wall. 434, Law Ed. 659; Thied v. Utah, 159 U. S. 514, Law Ed. 237, 21 Ency. Pl. and Pr., p. 642.

A party who by his laches has allowed a judgment to be rendered against him, can not obtain relief against his own neglect. But this principle does not apply where public officers, for their own private ends and with a selfish motive allow judgment or decree to go against the interests of the public.

> Peterbaugh, Pl. and Pr., p. 768; Noble v. School Dist., 117 Ill. 30, 5 Am. and Eng. Ency. Law, p. 496.

*Fraud and Collusion.*—The power to set aside a judgment for fraud and collusion, is not dependent upon legislative recognition; it is a common law power, inherent in all courts of record; 1 Black. on Judgments, sec. 321, note 131; Taylor v. Sindall, 34 Md. 38; Humpheys v. Rawn, 8 Watts 78; Mayberry v. McClurg, 54 Mo. 256; Melick v. Bank, 52 Iowa 94, 2 N. W, 1020; Com. v. Whiteside, 6 Humph. 47; In re Fisher, 15 Wis. 511; Dial v. Farrow, 36 Am. Dec. 267, 6 Ency. Pl. and Pr., p. 198; Hatch v. Central National Bank, 98 N. Y. 487; Ladd v. Stevenson, 112 N. Y. 326.

Collusion is a ground for setting aside a judgment. 15 Ency. Pl. and Pr., p. 236; Harshey v. Blackmarr, 20 Iowa 161; Sturm v. School Dist. No. 70, 45 Minn. 88; Harris v. Sanders, 38 Mo. 421.

If the neglect is excusable it is sufficient to show a defense that is meritorious; which will be determined by an examination of the answer; 6 Ency. Pl. and Pr., p. 189, note 2, citing Morris v. Slaterly, 6 Abb. Pr. (N. Y. Supreme Court) 74.

*Unconscionable Defenses.*—According to early doctrine, a judgment by default would not be opened in order to admit an unconscionable defense. 6 Ency. Pl. and Pr., p. 189, note 2 and authorities cited.

But the later doctrine makes no distinction between defenses that would be prima facie valid in an original action. 6 Ency. Pl. and Pr., p. 189, note 3, and authorities cited; Madelocks v. Holmes, 1 B. & P. 228; Freeman v. Hill, 45 Kan. 435; Union Nat'l Bank v. Bassett, 3 Abb. Pr., U. S. (N. Y. Sup. Ct.) 359; Sheldon v. Adams, 41 Barb. (N. Y.)

54; Herman v. Rinker, 106 Pa. St. 121; Benedict v. Arnoux, 85 Hun (N. Y.) 283.

Where a default is properly excused the court will not impose as a condition that a hard and unconscionable defense will not be set up.

6 Ency. Pl. and Pr., p. 200, note 4; Kinderhook Bank v. Gifford, 40 Barb. (N. Y.) 659; Gourlay v. Hutton, 10 Wend. (N. Y.) 595; Grant v. McCoughlin, 4 How. Pr. (N. Y. Sup. Ct.) 216; Toole v. Cook, 16 How. Pr. (N. Y. Sup. Ct.) 142.

The statute of limitations is not an unconscionable plea.

6 Ency. Pl. and Pr., p. 220, and causes cited in note 4; 13 Ency. Pl. and Pr., p. 197, note 3; Mitchell v. Campbell, 14 Ore. 454; Parker v. Whitaker, 4 Harr. (Del.) 527; Lilly v. West, 97 N. C. 276; Herman v. Rinker, 106 Pa. St. 197; Bates v. Cullum, 163 Pa. St. 234; Garvie v. Green, 9 S. Dak. 608; Searles v. Christensen, 5 S. Dak. 650; 13 Ency. Pl. and Pr., p. 198; Allen v. Mapes, 20 Wend. (N. Y.) 633; Gourlay v. Hutton, 10 Wend. (N. Y.) 596; Douglas v. Douglas, 3 Edw. Ch. (N. Y.) 390; Belt v. Bowie, 65 Md. 350.

The court may impose as a condition of opening, the payment of all accrued costs.

15 Ency. Pl. and Pr., p. 229; Howe v. Gold Mining Co., 29 Cal. 72; Cottrell v. Cottrell, 83 Cal. 457.

Statutes in pari materia should be construed together and effect given to all.

23 Am. and Eng. Ency. of Law, p. 311.

The court can not disregard the provisions of sections 299, 300, 301 and 302, Compiled Laws of New Mexico, 1897, lest individual hardship should be inflicted.

Board of Lake County Commissioners v.

Rollins, 130 U. S. (Law Ed.) 1060; Aspinwall et al. v. Davies Co., 63 U. S. (Law Ed.) 364; Falconer v. Buffalo & I. R. Co., 69 N. Y. 491.

A distinction can not be made between contractual and compulsory obligations.

Lake Co. v. Rollins, 130 U. S. 1060; People v. May, 9 Col. 404.

A county has no powers except such as are conferred by law.

Ray v. Bently, 49 Mo. 236; Mister v. Kansas City, 18 Mo. App. 217; People v. State Treasurer, 23 Mich. 504; People v. Chicago, 51 Ill. 34.

Organic act establishing Territory confers power to legislate upon all rightful subjects; and its acts are binding upon the courts of the Territory unless disapproved by Congress.

Thied v. Utah, 159 U. S. (Law Ed.) 241; McAllester v. U. S., 141 U. S. (Law Ed.) 693; Miners Bank of Dubuque v. State of Iowa, 53 U. S. (Law Ed.) 867; 21 Ency. Pl. and Pr., p. 642.

Catron & Gortner and H. M. Dougherty for defendant in error.

Did the trial court err in imposing terms?

1 Black on Judgments, sec. 352 and cases cited.

Mere technical defenses are not favored.

Fonciere v. Milliken, 135 U. S. 306.

Court may in its discretion impose reasonable conditions.

17 Am. and Eng. Ency. of Law (2 Ed.), p. 847, and cases cited.

See also People v. Ryan (Cal.), 23 Pac. 120.

Halter v. Spokane Soap Works Co. (Wash.), 42 Pac. 126; McCall v. McCall, 54 N. Y. 548.

### STATEMENT OF FACTS.

This suit was brought by Charles F. Blackington, sheriff of the county of Socorro, New Mexico, to recover a sum claimed to be due to him for salary, fees, etc., from the county of Socorro, for the year 1900, and also for two small accounts assigned to him by one of the county commissioners and another party. The total sum claimed was $7,990.01.

On December 19, 1900, a taxpayer and resident of said county filed a petition of intervention seeking to defend the suit, but after hearing, on motion the petition of intervention was dismissed, the intervenor excepting, and no appearance having been entered for the county, judgment by default was taken on December 26, 1900.

On June 8, 1901, the county filed its motion, supported by affidavits, asking that the judgment be set aside and vacated and that it be allowed to enter an appearance and file an answer. Against objection the court granted the motion and vacated and set aside the judgment, and gave the county ten days in which to file its answer. On the same day the county entered its appearance and filed its answer, setting up, among other defenses, the so-called Bateman Act (chap. 42, Session Laws of 1897), and also the act of Congress approved July 30, 1886, limiting indebtedness of Territories, etc.

On August 1, 1901, the attorneys for Blackington filed a motion that they would ask to have the order vacating the judgment reframed, and after hearing the learned judge resettled the order theretofore made by him vacating and setting aside the judgment, so that as resettled the judgment was vacated and set aside, and the county of Socorro was permitted to enter an appearance in said suit, on the condition that it should not "set up any defense based on any statute, which in its nature operates as a statute of limitations on the indebtedness or limit of indebtedness, and particularly those

acts contained in chapter 42 of the laws of Thirty-second Legislative Assembly of New Mexico, approved March 12, 1897, and that special act of Congress entitled, 'An Act to prohibit the passage of local and special laws of the Territories of the United States; to limit Territorial indebtedness and for other purposes, approved July 30, 1886.' " Said order further provided that "the defendant shall be limited to the defense of the correctness of the charges for services, fees and expenditures or payment of the same, as set forth in plaintiff's complaint."

From this ruling and order the county excepted, and sued out a writ of error to the present term of the Supreme Court.

### OPINION OF THE COURT.

MILLS, C. J.—It is unusual in any case to interfere with the action of the trial court in imposing terms on the party in default as the condition for the vacating of a judgment. "A court, in opening or vacating a judgment, has power to impose upon the applicant, as a condition of the granting of the relief asked such terms as in its discretion it may deem proper, and its action in this respect will not be reviewed or overruled by a higher court, unless it clearly extended the limit of sound legal discretion by imposing terms which are plainly unreasonable or unjust." 17 Am. and Eng. Encyl. of Law (2 Ed.), p. 847.

In the case at bar it is not necessary for us to consider, and we do not decide, whether or not the learned judge below, exercised the limits of a sound legal discretion in imposing terms that certain statutes limiting indebtedness should not be pleaded by the defendant as the condition for vacating the judgment, for it appears from the record before us, that no final order, judgment or decree has been rendered in this case, and that this writ of error has been sued out from a mere order vacating a judgment.

Territory v. Cordova.

In accordance therefore with the rule laid down by us at the present term of this court, in the case of Jung v. Meyer that an appeal only lies from a final judgment order, or decree, this case will be remanded to the district court of the county of Socorro for further proceedings.

If the appellant has any legal defense to the claim made against it, it can protect itself by remedies which readily suggest themselves.

The writ of error will be dismissed, and the cause remanded to the district court of Socorro county for further proceedings; and it is so ordered.

Baker, McFie and Parker, JJ., concur.

McMillan, A. J., being disqualified, did not participate in this opinion.